UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
DANTE JONES, individually and in
behalf of all other persons similarly
situated,

                          Plaintiff,                              **MEMORANDUM AND ORDER**
              -against-                                       17-CV-3120 (TAM)

MILK RIVER CAFE, LLC, d/b/a Milk
River Cafe, BRUCE LYEW, and LA-
NIECE LYEW, jointly and severally,

                          Defendants.
-----------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

        On January 7, 2020, the Clerk of Court entered judgment in favor of Plaintiff Dante Jones ("Plaintiff") against Defendants Milk River Cafe, LLC, doing business as Milk River Cafe, Bruce Lyew, and La-Niece Lyew ("Defendants"), based on the parties' approved wage and hour settlement agreement. (*See* Clerk's Judgment, ECF No. 49; *see also* Sept. 27, 2019 ECF Order (granting motion for settlement approval).) Now pending before the Court is Plaintiff's motion to compel Defendant and Judgment Debtor La-Niece Lyew ("Ms. Lyew") to respond to Plaintiff's information subpoena. (*See* Mot. to Compel ("Mot."), ECF No. 60; *see also* Subpoena, ECF No. 58.)

        For the reasons set forth below, Plaintiff's motion to compel is granted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

        The Court assumes general familiarity with the substance and history of the case and includes only the background relevant to the instant motion. As noted above, the Clerk of Court entered judgment in this case on January 7, 2020. (Clerk's Judgment, ECF No. 49.) As part of the judgment, the Court ordered Defendants to pay Plaintiff $19,000.00, inclusive of costs and attorneys' fees, plus prejudgment interest in the

amount of $346.68, and post-judgment interest pursuant to 28 U.S.C. § 1961. (*Id.*) In addition, the Court ordered Defendants to pay $10,000.00 to the Law Office of Justin A. Zeller, P.C., plus prejudgment interest in the amount of $182.47, and post-judgment interest pursuant to 28 U.S.C. § 1961. (*Id.*) By way of background, the Court entered this judgment, which Defendants are jointly and severally liable for, following the Honorable Steven M. Gold's approval of the parties' settlement agreement on September 27, 2019. (*See id.*; Sept. 27, 2019 ECF Order.) Thereafter, in November 2020, Judge Gold granted Plaintiff's motion to enforce the judgment and motion for a turnover order. (*See* Mot. to Enforce, ECF No. 50; Nov. 2, 2020 ECF Order; Pl.'s Nov. 10, 2020 Letter, ECF No. 56; Turnover Order, ECF No. 57.)

After Judge Gold granted Plaintiff's motion to enforce the judgment and the motion for a turnover order, Plaintiff served an information subpoena on Ms. Lyew on August 31, 2021 by certified mail, return receipt requested, which was delivered on September 8, 2021. (Nov. 2, 2020 ECF Order; Turnover Order, ECF No. 57; Subpoena, ECF No. 58; Certificate of Service, ECF No. 59; Certified Mail Receipt, ECF No. 59-1; Proof of Delivery, ECF No. 59-2.) The subpoena seeks information that Plaintiff believes will assist in collecting the outstanding judgment entered against Defendants. (*See generally* Subpoena, ECF No. 58.) Specifically, Plaintiff seeks answers to numerous questions regarding, *inter alia*, Ms. Lyew's possessions, assets, and income. (*See* Questions and Answers in Connection With Subpoena, ECF No. 58-1.) After Ms. Lyew failed to respond, Plaintiff filed the pending motion to compel. (*See* Mot., ECF No. 60; *see also* Pl.'s Aff. in Supp. of Mot. ("Aff."), ECF No. 61; Pl.'s Mem. in Supp. of Mot. ("Mem."), ECF No. 62.)

On May 12, 2022, following reassignment of the case to the undersigned Magistrate Judge, the Court held a status conference at which Defendants failed to

appear. (May 12, 2022 ECF Minute Entry and Order.) During the conference, the undersigned questioned whether the Court had retained jurisdiction to enforce the judgment. (*Id.*) The Court scheduled a second status conference and directed Plaintiff's counsel to provide further factual support and legal authority for the Court's exercise of ancillary jurisdiction. (*Id.*)

On May 24, 2022, Plaintiff's counsel submitted a supplemental letter contending that Judge Gold's September 27, 2019 order of dismissal (1) expressly retained jurisdiction over the parties' settlement agreement, and (2) incorporated the terms of the settlement agreement. (*See* Pl.'s May 24, 2022 Letter, ECF No. 65, at 1 (citing *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015)); *see also* Sept. 27, 2019 ECF Order.) Counsel also argued that even if the Court did not retain jurisdiction over the settlement agreement, the Court nevertheless maintains jurisdiction to enforce the judgment subsequently issued. (Pl.'s May 24, 2022 Letter, ECF No. 65, at 1–2 (citing *Peacock v. Thomas*, 516 U.S. 349, 356 (1996)).)

On June 16, 2022, the Court held a second status conference. (June 16, 2022 ECF Minute Entry and Order.) Despite Plaintiff's counsel's efforts to serve Defendants with notice of the conference, Defendants again failed to appear. (*Id.*; *see also* Certificate of Service, ECF No. 66.)

For the reasons discussed below, the Court finds there is jurisdiction over the judgment entered in this case, and therefore grants Plaintiff's motion to compel.

## DISCUSSION

I. **Legal Standards**

   A. **Federal Jurisdiction to Enforce Judgments Based on Approved Settlements**

Normally, a district court "'disassociates itself from a case'" upon issuing a final decision, particularly in the absence of an express retention of jurisdiction to enforce a

settlement agreement. *Hendrickson*, 791 F.3d at 360 (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42, (1995)); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994); *StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 304–05 (2d Cir. 2014). However, the Supreme Court has affirmed that federal courts have "inherent powers" to conduct "supplementary proceedings" that involve "attempts to execute, or to guarantee eventual executability of, a federal judgment." *See Peacock*, 516 U.S. at 356, 357; *see also Dulce v. Dulce*, 233 F.3d 143, 146 (2d Cir. 2000). "Without jurisdiction to enforce a judgment entered by a federal court, 'the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.'" *Peacock*, 516 U.S. at 356 (quoting *Riggs v. Johnson Cnty.*, 73 U.S. 166, 187 (1867)).

### B. Motions to Compel Responses to Information Subpoenas

Federal Rule of Civil Procedure 69(a) provides that a party that obtains a money judgment in a federal district court may enforce the judgment in accordance with "the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1); *see also Plaza Motors of Brooklyn, Inc. v. Rivera*, No. 19-CV-6336 (LDH) (RLM), 2021 WL 4356011, at *2 (E.D.N.Y. Sept. 24, 2021); *Soundkillers LLC v. Young Money Ent., LLC*, No. 14-CV-7980 (KBF) (DF), 2016 WL 4990257, at *3 (S.D.N.Y. Aug. 2, 2016), *report and recommendation adopted*, No. 14-CV-7980 (KBF), 2016 WL 4926198 (S.D.N.Y. Sept. 15, 2016). Rule 69(a) further provides that a judgment creditor may obtain discovery from the judgment debtor as provided in the Federal Rules of Civil Procedure, "or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2); *see also Fed. Ins. Co. v. CAC of NY, Inc.*, No. 14-CV-4132 (DRH) (SIL), 2015 WL 5190850, at *2 (E.D.N.Y. Sept. 4, 2015).

"Under New York law, a judgment creditor can use an information subpoena to compel disclosure of information relevant to a judgment debtor's satisfaction of the

4

judgment." *Soundkillers LLC*, 2016 WL 4990257, at *3 (citing N.Y. C.P.L.R. § 5223); *see also CAC of NY, Inc.*, 2015 WL 5190850, at *2 (same). "Service of an information subpoena may be made by registered or certified mail, return receipt requested," and "[a]nswers shall be made in writing under oath by the person upon whom served[.]" N.Y. C.P.L.R. § 5224(a)(3). "If the recipient of an information subpoena fails to respond within seven days, a court may order compliance." *Plaza Motors of Brooklyn, Inc.*, 2021 WL 4356011, at *2 (citing N.Y. C.P.L.R. § 2308(b)(1)); *see also Vicedomini v. A.A. Luxury Limo Inc.*, No. 18-CV-7467 (LDH) (RLM), 2021 WL 620932, at *1 (E.D.N.Y. Feb. 17, 2021) (same). "'Failure to comply with the compelled compliance may then give rise to contempt.'" *Soundkillers LLC*, 2016 WL 4990257, at *3 (quoting *AXA Equitable Life Ins. Co. v. Epstein*, 907 N.Y.S.2d 601, 603 (Sup. Ct. N.Y. Cnty. 2010)).

II. **Analysis**

  A. **The Court Has Jurisdiction to Enforce the Clerk's Judgment**

As discussed above, the Court initially questioned whether jurisdiction still exists to grant Plaintiff's motion. (*See* May 12, 2022 ECF Minute Entry and Order; June 16, 2022 ECF Minute Entry and Order.) That was due to the general rule that, unless an order of dismissal expressly states that the court will retain jurisdiction over the settlement agreement or explicitly incorporates the terms of the settlement agreement, courts do not have the authority to enforce settlement agreements after a case has been dismissed. *See, e.g.*, *Daoquan Bi v. Guan Dong Yi Jia, Inc.*, No. 17-CV-6563 (RML), 2020 WL 4059645, at *2 (E.D.N.Y. July 20, 2020) (collecting cases). In this case, Judge Gold's September 27, 2019 order acknowledged and approved the settlement agreement's terms. (Sept. 27, 2019 ECF Order). Rather than explicitly incorporating said terms, or expressly retaining jurisdiction, Judge Gold indicated that he "reviewed the letter motion and the settlement agreement" and found that it comported with the relevant

5

requirements under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), thus warranting approval. (*See id.*) Shortly thereafter, Plaintiff's counsel filed a motion for entry of judgment, which Judge Gold granted. (Mot. for Judgment, ECF No. 48; Jan. 6, 2020 ECF Order.) Accordingly, the Clerk of Court then entered a formal judgment in the case on January 7, 2020. (Clerk's Judgment, ECF No. 49.)

In light of this entry of judgment, and on the basis of the Court's inherent authority "to execute, or to guarantee eventual executability of, a federal judgment," jurisdiction exists to enforce the judgment previously entered in Plaintiff's favor. *See Peacock*, 516 U.S. at 357; *see also Dulce,* 233 F.3d at 146–47. In addition, because Plaintiff is seeking to obtain information to enforce the judgment as to a party already liable for said judgment, retaining authority here does not run afoul of the main concern when considering the exercise ancillary jurisdiction: extending liability to a third party. *See Dulce*, 233 F.3d at 147 n.5 ("The primary limit on the exercise of such ancillary jurisdiction is that it may not be used 'to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment.'" (quoting *Peacock*, 516 U.S. at 357)); *see also Tae H. Kim v. Ji Sung Yoo*, 776 F. App'x 16, 20 (2d Cir. 2019) (summary order) ("An ancillary action to collect a judgment does not require an independent basis for jurisdiction, unless the suit seeks to impose liability for the underlying action on a third-party.").

Having found that jurisdiction exists, the Court next turns to the merits of Plaintiff's motion.

### B. Plaintiff's Motion to Compel a Response to His Subpoena is Appropriate

It is well settled that as a judgment creditor, a plaintiff may seek information relevant to collecting on a judgment. *See, e.g.*, *Argonaut Ins. Co. v. Manetta Enters.*, No. 19-CV-482 (PKC) (RLM), 2021 WL 3603395, at *2 (E.D.N.Y. Aug. 13, 2021) (noting that

6

"[d]iscovery of a judgment debtor's assets is conducted routinely" under Federal Rule of Civil Procedure 69(a) (quotation marks omitted)); *see also Vicedomini*, 2021 WL 620932, at *2; *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 293 (E.D.N.Y. 2011). Under New York law, information relevant to the satisfaction of a judgment is a permissive standard. *See* N.Y. C.P.L.R. § 5223 ("[T]he judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment[.]").

Here, as contemplated under Federal Rule of Civil Procedure 69, Plaintiff relies on state procedures, styling the information subpoena as issued pursuant to § 5224 of the New York Civil Practice Law and Rules. (*See* Subpoena, ECF No. 58; Mem., ECF No. 62.) Plaintiff is pursuing information regarding, among other things, Ms. Lyew's property, accounts, income, and assets. (*See* Questions and Answers in Connection With Subpoena, ECF No. 58-1.) Accordingly, the Court finds that the information Plaintiff seeks from Ms. Lyew is relevant to collecting the judgment against Defendants and, therefore, discoverable under Federal Rule of Civil Procedure 69. *See Plaza Motors of Brooklyn, Inc.*, 2021 WL 4356011, at *3; *Vicedomini*, 2021 WL 620932, at *2; *CAC of NY, Inc.*, 2015 WL 5190850, at *2.

In addition, the Court finds that service of the subpoena on Ms. Lyew complied with N.Y. C.P.L.R. § 5224(a)(3), and was sufficient under the circumstances. (*See* Certificate of Service, ECF No. 59 (affirming that the information subpoena was mailed certified mail, return receipt requested); Certified Mail Receipt, ECF No. 59-1; Proof of Delivery, ECF No. 59-2.) Therefore, the Court grants Plaintiff's motion.

## CONCLUSION

For the reasons discussed above, the Court grants Plaintiff's motion to compel (ECF No. 60). Defendant and Judgment Debtor La-Niece Lyew is directed to respond to Plaintiff's information subpoena within thirty days of this Order, by **September 12,**

7

**2022**. Plaintiff is directed to serve a copy of this Order on Defendant Lyew by certified mail and to file proof of service with the Court no later than **August 19, 2022.**

    **SO ORDERED.**

Dated: Brooklyn, New York
       August 11, 2022

                             *Taryn A. Merkl*
                            TARYN A. MERKL
                            UNITED STATES MAGISTRATE JUDGE